IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DALY, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:23-cv-00933 |
| Plaintiff, | ) ) | Hon. Jorge L. Alonso |
| | ) | Magistrate Judge Heather K. McShain |
| - against - | ) ) | |
| GLANBIA PERFORMACE NUTRITION, INC. | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**

AMIN TALATI WASSERMAN, LLP
William P. Cole (pro hac vice pending)
Matthew R. Orr (pro hac vice pending)
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

Manon L. Burns
Illinois Reg. No. 6329495
549 W. Randolph Street, Suite 400
Chicago, IL 60661
Telephone: (312) 466-1033
Facsimile: (312) 884-7352

Attorneys for Defendant Glanbia Performance Nutrition (NA), Inc.

**I.     INTRODUCTION**

This case concerns the labeling of Defendant's Think! High Protein bars (the "Products"). Plaintiff challenges the "No Artificial Sweeteners▪" statement on the Products' packaging. He alleges the statement is false because the Products contain Maltitol Syrup. The Maltitol Syrup is expressly disclosed on the packaging. Nonetheless, Plaintiff has filed this suit alleging three claims: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. ("ICFA"); (2) common law fraud; and (3) unjust enrichment. He purports to bring these claims on behalf of a nationwide class and an Illinois subclass.

Defendant has filed a motion to dismiss Plaintiff's individual claims. This Motion to Strike addresses the Complaint's nationwide class allegations.

First, the Court should strike the nationwide class allegations as to the ICFA claim because the ICFA does not apply extraterritorially. Where the alleged false advertising is "made on product labels during straightforward retail purchases across the nation," the out-of-state transactions do not take place in Illinois and the ICFA does not apply to them. *Tarzian v. Kraft Heinz Foods Company*, No. 18 C 7148, 2019 WL 5064732, at *3 (N.D. Ill. Oct. 10, 2019); *accord Kubilius v. Barilla America, Inc.*, No. 18 C 6656, 2019 WL 2861886, at *1 (N.D. Ill. July 2, 2019) ("[T]he ICFA does not apply to the claims of class members who purchased their products outside of Illinois.").

Second, the Court should strike the nationwide class allegations as to the common law fraud and unjust enrichment claims because, under Illinois choice-of-law principles, those claims would be governed by the varying laws of 50 different states. "No class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2022). Courts within and without this District have repeatedly held that where fraud

1

and unjust enrichment claims would be governed by the varying common laws of the jurisdictions in which consumers made their purchases, a nationwide class cannot be certified.

Because this motion raises legal issues apparent from the face of the Complaint, the Court should grant the motion to strike.

II. **PLAINTIFF'S ALLEGATIONS**

In the accompanying Motion to Dismiss, Defendant has summarized the Complaint's allegations. (Dkt. 11-1.) Relevant here, Plaintiff purports to bring each of his claims on behalf of a nationwide class and an Illinois subclass. (Dkt. 1-1, Compl., ¶¶ 31-32 & pp. 12, 14, 15.) He defines the proposed nationwide class as "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification." (*Id.* ¶ 31.) He defines the Illinois subclass as "[a]ll persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification." (*Id.* ¶ 32.)

Plaintiff alleges that he purchased a box of the Products from a Meijer grocery store. (*Id.* ¶ 9.) The advertising statement he challenges is located on the box. (*Id.* ¶ 17.) He alleges Defendant distributes and sells its products "throughout the United States." (*Id.* ¶ 5.)

III. **ARGUMENT**

**A. The Court Can and Should Strike Class Allegations at the Pleading Stage Where a Legal Issue Makes Clear the Case Cannot Proceed on a Nationwide Class Basis.**

To proceed on a class basis, a complaint must plead the existence of a group of putative class members whose claims are susceptible of resolution on a class-wide basis. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) (holding the common issue of fact "must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or

falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). What matters is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers*. *Id.* The common questions must predominate over any questions affecting only individual members, and the class action must be a "superior" means for adjudicating the claims, taking into account the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D).

A court may strike class allegations when it is apparent from the pleadings that the proposed class cannot be certified. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *Donelson v. Ameriprise Financial Services, Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013); *Cowen v. Lenny & Larry's, Inc.*, No. 17 CV 1530, 2017 WL 4572201, at *4 (N.D. Ill. Oct. 12, 2017) ("District courts, both within this district and others, have held that a motion to strike class allegations . . . is an appropriate devise to determine whether the case will proceed as a class action."). "Indeed, the text of Rule 23 provides that the determination of whether a class should be certified must be made 'at an early practicable time,' which may be at the pleadings stage." *Kubilius*, 2019 WL 2861886, at *2. This is especially true "where a defendant raises a legal challenge to class certification" that discovery is unlikely to impact. *Id.*; *accord Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court's striking of class allegations, explaining: "The key reality remains: Their claims are governed by different States' laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that

3

generally will preclude class certification."); *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010).

As explained below, it is plain from the face of the Complaint that: (1) the ICFA claim cannot proceed on a nationwide class basis because the ICFA does not apply extraterritorially; and (2) the common law fraud and unjust enrichment claims cannot proceed on a nationwide class basis because those claims will be governed by the disparate laws of 50 states.

### B. The ICFA Claim Cannot Proceed on a Nationwide Class Basis Because the ICFA Does Not Apply Extraterritorially.

As noted, Plaintiff purports to bring the ICFA claim on behalf of both a nationwide class and an Illinois subclass. Defendant does not raise a pleading-stage challenge to the proposed Illinois subclass with respect to the ICFA claim. But the Court should strike the nationwide class allegations as to the ICFA claim because the ICFA does not apply extraterritorially.

The ICFA "is a statute without extraterritorial effect; '[t]he [Illinois] General Assembly did not intend the Act to apply to fraudulent transactions that take place outside Illinois.'" *Landau v. CAN Financial Corp.*, 381 Ill. App. 3d 61, 63, 886 N.E.2d 405 (2008) (quoting *Avery v. State Farm Mutual Automobile Ins. Co.*, 216 Ill.2d 100, 185, 835 N.E.2d 801, 853 (2005)); *accord Tarzian*, 2019 WL 5064732, at *3; *Kubilius*, 2019 WL 2861886, at *1. Where the alleged misrepresentations are "made on product labels during straightforward retail purchases across the nation," the out-of-state transactions do not take place in Illinois and the ICFA does not apply to them. *Tarzian*, 2019 WL 5064732, at *3; *accord Kubilius*, 2019 WL 2861886, at *1 ("[T]he ICFA does not apply to the claims of class members who purchased their products outside of Illinois.").

While the Complaint alleges that Defendant is headquartered in Illinois, it is well established that fact is not sufficient to apply the ICFA to out-of-state transactions. *See Landau*,

4

381 Ill. App. 3d at 65 ("common corporate administrative activities" at a corporate headquarters in Illinois, including the dissemination of marketing materials, is not sufficient to apply ICFA to out-of-state transactions); *Tarzian*, 2019 WL 5064732, at *3; *Haught v. Motorola Mobility, Inc.*, No. 12 C 2515, 2012 WL 3643831, at *4 (N.D. Ill. Aug. 23, 2012) (allegation that defendant "designed its allegedly deceptive scheme" in Illinois is not sufficient for ICFA to apply to transactions in other jurisdictions). The Court should strike the nationwide class allegations as to the ICFA claim (Count I). *See Kubilius*, 2019 WL 2861886; *Swearingen v. Late July Snacks LLC*, No. 13-cv-04324-EMC, 2017 WL 1806483, at *9 (N.D. Cal. May 5, 2017) (dismissing nationwide class allegations "in light of the presumption against extraterritorial application of the California laws at issue").

### C. The Court Should Strike the Nationwide Class Allegations as to the Common Law Fraud and Unjust Enrichment Claims Because Those Claims Would be Governed by the Laws of All 50 States.

This Court should also strike the nationwide class allegations as to the common law fraud and unjust enrichment claims. "No class action is proper unless all litigants are governed by the same legal rules. Otherwise the class cannot satisfy the commonality and superiority requirements of Fed.R.Civ.P. 23(a), (b)(3)." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2022). Where the claims will be governed by the laws of dozens of different jurisdictions, a nationwide class "is not manageable." *Id.* at 1018; *Kubilius*, 2019 WL 2861886, at *3.

Illinois applies the "most significant relationship test" to determine which state's substantive law governs class members' claims. *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 497 (S.D. Ill. 1999); *see also Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970); *Kubilius*,

5

2019 WL 2861886, at *2. The two most important factors are the place where the injury occurred and the place where the conduct causing the injury occurred. *Clay*, 188 F.R.D. at 497.

Illinois law presumes that the law of the state where the injury occurred will govern unless another state has a more significant relationship to the occurrence or to the parties involved. *Clay*, 188 F.R.D. at 497. In cases involving alleged false advertising of a consumer product, courts have repeatedly held that, under Illinois choice-of-law principles, the claim is governed by the laws of the state in which the consumer viewed the advertisement and made the purchase. *See, e.g., id.* at 498 ("The plaintiffs also claim that their injury was the actual purchase of the cigarettes and the money spent on those purchases. Obviously this occurred at the location of each sale, and each sale occurred in one of 47 different states."); *Kubilius*, 2019 WL 2861886, at *1-2 (Illinois choice-of-law principles require application of the law of the state in which a class member purchased the pasta sauce bearing the "no preservatives" label statement); *Cowen*, 2017 WL 4572201, at *4; *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 585 (N.D. Ill. 2008) (the court must apply the law of the state "where consumers received and relied upon" the representations, not where the seller maintains its headquarters). Because Plaintiff's proposed nationwide class is defined as all consumers who purchased "within the United States" (Dkt. 1-1, Compl., ¶ 31), and because Plaintiff alleges Defendant sells its products *throughout* the United States (*id.* ¶ 5), "the claims of the absent class members will be governed by the laws of all fifty states and the District of Columbia." *Kubilius*, 2019 WL 2861886, at *2; *accord Cowen*, 2017 WL 4572201, at *4. And, as explained below, there is no question that state laws differ in material ways with respect to the unjust enrichment and common law fraud claims.

/ / /

### 1. Unjust enrichment.

"The laws of unjust enrichment vary from state to state and require individualized proof of causation." *Clay*, 188 F.R.D. at 500. Even "the actual definition of 'unjust enrichment' varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud." *Id.* at 501; *accord Harvell v. Goodyear Tire and Rubber Co.*, 164 P.3d 1028, 1036 (Okla. 2006) (the elements of unjust enrichment "differ markedly from state to state," including differences over whether, or what type of, misconduct is required). *See, e.g., DCB Construction Co., Inc. v. Central City Development Co.*, 965 P.2d 115, 119 (Colo. 1998) (holding that, under Colorado law, unjust enrichment requires a showing of improper, deceitful, or misleading conduct); *Anderson v. DeLisle*, 352 N.W.2d 794, 796 (Minn. App. 1984) (holding that, under Minnesota law, unjust enrichment claims are allowed where the enrichment was "morally wrong"); *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999) (restitution for unjust enrichment permitted even when defendant "is not a wrongdoer"); *Thompson v. Bayer Corp.*, No. 4:07CV00017, 2009 WL 362982, at *4 (E.D. Ark. Feb. 12, 2009) ("Arkansas plaintiffs do not have to prove any misconduct on the part of the defendant in an unjust enrichment action."); *DeHavilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) ("Unjust enrichment is not a cause of action.").

Some states allow a claim of unjust enrichment only when no adequate legal remedy exists. *See, e.g., Southtown Plubming, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992); *Trustmark Ins. Co. v. Bank One, Ariz.*, 202 Ariz. 535, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). Others permit the claim even if adequate legal remedies exist. *See, e.g., Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. Dist. Ct. App. 1998); *Garfield on behalf of ODP*

*Corporation v. Allen*, 277 A.3d 296, 349 (Del. Ch. 2022) (lack of an adequate remedy of law is not critical to an unjust enrichment claim).

State laws also vary on whether the equitable defense of unclean hands is available with respect to an unjust enrichment claim, and "[t]hose states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense." *Clay*, 188 F.R.D. at 501. *See, e.g., Polverari v. Peatt*, 29 Conn. App. 191, 614 A.2d 484, 490 (1992) (requiring that the defendant demonstrate that the plaintiff engaged in "willful misconduct"); *Dennett v. Kuenzli*, 130 Idaho 21, 936 P.2d 219, 225 (1997) (a court may deny a plaintiff equitable relief if the plaintiff's conduct has been "inequitable, unfair, and dishonest"); *Tai v. Broche*, 115 A.D.3d 577, 578, 982 N.Y.S.2d 463 (1st Dept. 2014) (doctrine of unclean hands is not an available defense if the defendants were "willing wrongdoers").

Some states do not require the enrichment to have come directly from the plaintiff. *See, e.g., Thompson*, 2009 WL 362982, at *5 (in Arkansas, the enrichment may come from a third party). Other states require a direct benefit to the defendant from the plaintiff. *See, e.g., Sperry v. Crompton Corp.*, 26 A.D.3d 488, 489, 810 N.Y.S.2d 498 (N.Y.A.D. 2 Dept. 2006) ("Because the plaintiff was not in privity with the defendants, the plaintiff cannot maintain an action against them to recover damages for unjust enrichment."); *Effler v. Pyles*, 94 N.C. App. 349, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989).

The statutes of limitations for unjust enrichment claims also vary widely from state to state. *See, e.g., The Hoag Living Trust dated February 4, 2013 v. Hoag*, 292 Or.App. 34, 424 P.3d 731, 44 (Or. Ct. App. 2018) (Oregon: six years if based on implied contract but two years if "grounded in tort"); *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash.2d 824, 837-38, 991 P.2d 1126 (2000) (Washington: three years); *Sevast v. Kakouras*, 591 Pa. 44, 915 A.2d 1147, 1153

8

(2007) (Pennsylvania: four years); *Mobil Producing Texas & New Mexico, Inc. v. Cantor*, 93 S.W.3d 916, 919 (Tex. Ct. App. 2002) (Texas: two years). In some states, unjust enrichment is not subject to a statute of limitations at all but is instead subject only to the doctrine of laches. *See, e.g., Connecticut General Life Ins. Co. v. BioHealth Labs., Inc.*, 988 F.3d 127, 134 (2d Cir. 2021) (Connecticut law); *Suburban Motors of Grafton, Inc. v. Forester*, 134 Wis.2d 183, 187, 396 N.W.2d 351 (Ct. App. 1986) (Wisconsin law).

Put simply, "unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone among the fifty states." *In re Sears, Roebuck & Co.*, 2006 WL 3754823, at *1 n.3 (N.D. Ill. 2006).[1] "Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class *is not manageable*." *Bridgestone/Firestone*, 288 F.3d at 1018 (emphasis added); *see also In re GMC Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 324 (S.D. Ill. 2007) ("The Seventh Circuit Court of Appeals has warned repeatedly in recent years against . . . unwieldy multistate classes, holding that the difficulties inherent in applying the laws of numerous states to the class claims defeat both predominance and manageability.").

### 2. Common law fraud.

This District has recognized that "the nuances of . . . 50 common laws [of fraud]" preclude a nationwide class. *Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998); *accord Miller*

---

[1] *Accord Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) ("the elements necessary to establish a claim for unjust enrichment vary materially from state to state"), *overruled on other grounds in Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); *Yarger v. ING Bank, Fsb*, 285 F.R.D. 308, 324-25 (D. Del. 2012) (numerous courts have held that states' unjust enrichment laws vary materially, defeating predominance); *Vulcan Golf, LLC v. Google, Inc.*, 254 F.R.D. 521, 532-33 (N.D. Ill. 2008) (same); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583-85 (N.D. Ill. 2008) (same); *In re Conagra Peanut Butter Products Liab. Litig.*, 251 F.R.D. 689, 698 (N.D. Ga. 2008) (same).

9

*v. Gen. Motors Corp.*, No. 98 C 7386, 2003 WL 168626, at *1 (N.D. Ill. Jan. 26, 2003) ("Such differences [in state law] have led the Seventh Circuit to hold that . . . fraud suits may not proceed as nationwide classes.") (citing *Bridgestone/Firestone,* 288 F.3d 1012); *see also Darisse v. Nest Labs, Inc.*, No. 5:14-cv-01363-BLF, 2016 WL 4385849, at *13-14 (N.D. Cal. Aug. 15, 2016) ("Material variations also exist among the states' laws regarding common law fraud. One difference is the reliance requirement . . . the burden of proof for fraud claims also differs . . . . All of these differences are material.").

State laws differ on what intent is, or is not, required for common law fraud. *See, e.g.,* Ala. Code § 6-5-101 (permitting claims even if misrepresentation made by mistake and innocently); *Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012) (intent "to deceive" required); *Damon v. Sun Co.*, 87 F.3d 1467, 1479 (1st Cir. 1996) (Massachusetts law does not require an intent to deceive); *Smith v. Hastie*, 367 S.C. 410 (Ct. App. 2005) (under South Carolina law, intent to deceive is required). They also differ on the burden of proof. Some states require a preponderance of the evidence. *See, e.g., Liodas v. Sahadi*, 19 Cal.3d 278, 291 (1977); *Household Finance Corp. v. Altenberg*, 5 Ohio St.2d 190, 214 N.E.2d 667, 669 (1966). Many other states require clear and convincing evidence. *Darisse*, 2016 WL 4385849, at *13 (collecting cases). The statutes of limitations also vary widely—anywhere from one year to 10 years. *See, e.g., Cerullo v. Heisser*, 213 So.3d 1232, 1236 (La. Ct. App. 2017) (Louisiana: one year); *Hansen v. Stanley Martin Cos., Inc.*, 266 Va. 345, 585 S.E.2d 567, 573 (2003) (Virgina: two years); *Hartley v. Gago*, 202 Ga.App. 770, 415 S.E.2d 510, 512 (Ga. Ct. App. 1992) (Georgia: four years); *Sharpe v. Sharpe*, 243 S.W.3d 414, 417 (Mo. Ct. App. 2007 (Missouri: five years); *Carney v. Kardinal Land, Inc.*, 813 A.2d 50, 53 (R.I. 2003 (Rhode Island: 10 years).

In both *Kubilius* and *Cowen*, judges in this District granted motions to strike nationwide class allegations as to common law fraud claims. *Kubilius*, 2019 WL 2861886, at *2-3; *Cowen*, 2017 WL 4572201, at *4-5. Both courts rejected the plaintiffs' arguments that it was "premature" to strike the allegations. It was obvious the claims would be governed by the differing laws of dozens of different states, which is "a largely legal determination" that "no proffered or potential factual development offers any of hope of altering[.]" *Kubilius*, 2019 WL 2861886, *2 (quoting *Pilgrim*, 660 F.3d at 949); *see also Cowen*, 2017 WL 4572201, at *4.

The same applies here. Because the common law fraud and unjust enrichment clams will be governed by the laws of the jurisdictions in which absent class members made their purchases, and because states' laws differ in material ways with respect to these common law claims, the proposed nationwide class would not "be governed by the same legal rules." *Bridgestone/Firestone*, 288 F.3d at 1015. This Court should strike the nationwide class allegations on the common law fraud and unjust enrichment claims.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, the Court should strike the nationwide class allegations on the ICFA, common law fraud, and unjust enrichment claims.

| | |
|---|---|
| Dated: February 22, 2023 | */s/ Manon Burns*<br>AMIN TALATI WASSERMAN, LLP<br>William P. Cole (pro hac vice pending)<br>Matthew R. Orr (pro hac vice pending)<br>515 South Flower Street, 18th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 933-2330<br>Facsimile: (312) 884-7352<br>William@amintalati.com<br>Matt@amintalati.com<br><br>Manon L. Burns<br>Illinois Reg. No. 6329495<br>549 W. Randolph Street<br>Suite 400<br>Chicago, IL 60661<br>Telephone: (312) 466-1033<br>Facsimile: (312) 884-7352<br>Manon@amintalati.com<br><br>*Attorneys for Defendant Glanbia Performance Nutrition (NA), Inc.* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of February, 2023, I caused the electronic filing of the foregoing document through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                       /s/ *Manon Burns*
                                                       Manon Burns